IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LANCER INSURANCE COMPANY,

    Plaintiff,

v.                                                                    CASE NO.:

RICHARD HAMLET, individually,
DAVID J. WILEY, individually,
TODD J. WAKSCHAL, individually, and
RENT TO OWN AUTO CENTERS, LLC,
a limited liability company.

    Defendants.

_____ /

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, LANCER INSURANCE COMPANY (hereinafter "Lancer"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, hereby files this Complaint for Declaratory Relief against Defendants, RICHARD HAMLET ("HAMLET"), DAVID J. WILEY ("WILEY"), TODD J. WAKSCHAL ("WAKSCHAL"), and RENT TO OWN AUTO CENTERS, LLC ("RENT TO OWN") (collectively, the "Defendants"), and states as follows:

### PARTIES

1.    At all times material hereto, Lancer was and is a corporation engaged in the insurance business organized and existing under the laws of the State of Illinois, with its principal place of business located at 370 West Park Ave., PO Box 9004, Long Beach, New York 11561. Lancer is an interested party whose rights and other legal obligations may be declared pursuant to 28 U.S.C. § 2201.

2.     At all times material hereto, Defendant RICHARD HAMLET was a citizen of the State of Florida and a resident of Hernando County, Florida.

3.     At all times material hereto, Defendant DAVID J. WILEY was a citizen of the State of Florida and a resident of Pasco County, Florida.

4.     At all times material hereto, Defendant TODD J. WAKSCHAL was a citizen of the State of Florida and a resident of Pasco County, Florida.

5.     At all times material hereto, RENT TO OWN AUTO CENTERS, LLC was and is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1217 Spruce Ave., Orlando, Florida 32824.

## JURISDICTION

6.     Lancer realleges and incorporates by reference the averments in paragraphs one (1) through five (5).

7.     This action is brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights and duties of the parties under the automobile insurance policy, Policy Number RAC11429#9 (the "Policy"), issued by Lancer to Northland Auto Enterprises, Inc. [*See* Northland Auto Enterprise's Policy, attached hereto as Exhibit "**A**"].

8.     Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. On information and belief, complete diversity exists between Lancer and the Defendants, as Lancer is a citizen of the State of Illinois and Defendants are citizens of the State of Florida. The $75,000.00 threshold for diversity jurisdiction is met

because Defendants seek rights and benefits under the subject Policy as a consequence of the Accident, HAMLET has served a $275,000.00 (Two Hundred Seventy-Five Thousand Dollars and no cents) Proposal for Settlement on May 10, 2024, and Lancer continues to incur legal defense expenses, including attorney's fees and costs, which are expected to greatly exceed an additional $75,000.00 through trial of the underlying negligence action. [*See* HAMLET's Proposal for Settlement to RENT TO OWN, attached hereto as Exhibit "**B**"].

9.    Lancer contends that there is no bodily injury liability coverage available under the Policy and that the Policy does not provide coverage for the "failure to procure" claim asserted against RENT TO OWN.

## FACTUAL BACKGROUND

10.    Lancer realleges and incorporates by reference the averments in paragraphs one (1) through nine (9) as if fully set forth herein.

11.    The Policy originated on or about November 1, 2020, and explicitly provided that the "Named Insured" of the Policy includes a network of car rental companies and used car dealerships, including RENT TO OWN  [*See* Exhibit "**A**"].

12.    On May 29, 2021, a collision involving Defendants HAMLET, WILEY, and WAKSCHAL occurred in Pasco County, Florida (the "Accident"). [*See* the Police Report, attached hereto as Exhibit "**C**"].

13.    Upon information and belief, as a result of the Accident, HAMLET sustained serious injuries.

3

14.    At the time of the Accident, WILEY operated a 2013 Ford Focus (VIN #: 1FADP3J22DL142102) owned by RENT TO OWN. [*See* Exhibit "**C**"]. WILEY had leased the Ford Focus from RENT TO OWN. [*See* the Lease Agreement, attached hereto as Exhibit "**D**"].

15.    Upon leasing the vehicle, WILEY purchased a Certificate of Insurance (the "Certificate of Insurance") from RTO Insurance Services, LLC arising out of the Policy for the 2013 Ford Focus. The Certificate of Insurance identifies C.A.R. Risk Retention Group, Inc. as the insurer for RENT TO OWN and WILEY. [*See* the Certificate of Insurance, attached hereto as Exhibit "**E**"].

16.    The Certificate of Insurance reflects that WILEY elected the "State Minimum Limit" coverage option for the leased vehicle, providing $10,000.00 in Personal Injury Protection per person and $10,000.00 in Property Damage Liability per occurrence. [*See id.*].

17.    On or about September 3, 2021, HAMLET filed a three-count complaint against WILEY, WAKSCHAL, and RENT TO OWN in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida, Case Number 2021-CA-002090. On November 1, 2025, HAMLET filed his Third Amended Complaint and Demand for Jury Trial (the "Underlying Action"). [*See* Third Amended Complaint, attached hereto as Exhibit "**F**"]. HAMLET's Third Amended Complaint alleges: Count I – Negligence against WILEY; Count II – Negligence against WAKSCHAL;

Count III – Negligence against RENT TO OWN; and Count IV – Failure to Procure against RENT TO OWN. [*See id.*].

18.    Subsequent to HAMLET's initiation of the Underlying Action, Lancer provided defense counsel to RENT TO OWN under a Reservation of Rights.

19.    On information and belief, Lancer reasonably believes that HAMLET will seek to claim benefits under the Policy.

20.    On information and belief, Lancer reasonably believes that RENT TO OWN will seek to claim benefits under the Policy.

21.    On information and belief, Lancer reasonably believes that WILEY will seek to claim benefits under the Policy.

## POLICY TERMS

22.    Lancer realleges and incorporates by reference the averments in paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23.    The Policy states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### POLICY CHANGES

| POLICY NUMBER<br>RAC11429#9 | POLICY CHANGES EFFECTIVE<br>11-01-2020 | COMPANY<br>Lancer Insurance Company |
|---|---|---|
| NAMED INSURED<br>Northland Auto Enterprises, Inc. | | AUTHORIZED<br>REPRESENTATIVE |

5

---

COVERAGE PARTS AFFECTED

ALL COVERAGE PARTS

---

CHANGES

IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS HEREBY UNDERSTOOD AND AGREED THAT ITEM ONE OF THE DECLARATIONS, THE NAMED INSURED, IS EXTENDED TO INCLUDE THE FOLLOWING:

…

Rent to Own Auto Centers LLC

---

[*See* Exhibit "**A**" at p. 10-13].

24.    The Business Auto Coverage Form specifically states:

## SECTION II — COVERED AUTOS LIABILITY COVERAGE

### A. Coverage

We will pay on behalf of the Named Insured that portion of the damages for "bodily injury" or "property damage" resulting from the ownership, maintenance, or use of a "covered auto" while leased or rented to others by the Named Insured, that the Named Insured will become legally obligated to pay as damages by reason of exhaustion of all applicable underlying limits, whether collectible or not, of any Lessee or Rentee of a "covered auto".

25.    The Policy identifies an insured as follows:

1. Who Is An Insured

The following are "insureds":

a.    You [(RENT TO OWN)]for any covered "auto".

b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Somone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

(6) Any Lessee or Rentee, any employee or agent of any Lessee or Rentee, or any person operating an "auto" with the permission of any Lessee, Rentee, employee or agent of any Lessee or Rentee.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

## CERTIFICATE OF INSURANCE TERMS

26.    Lancer realleges and incorporates by reference the averments in paragraphs one (1) through twenty-five (25) as if fully set forth herein.

27.    Regarding the language of the RTO Insurance Services, LLC Certificate of Insurance issued by C.A.R. Risk Retention Group, Inc., the Certificate specifically provides as follows:

7



[*See* Exhibit "**E**" at p. 1].

28.    Furthermore, WILEY specifically selected the "State Minimum Limit Option" of insurance of $10,000.00 in Personal Injury Protection and $10,000.00 in Property Damage in the RTO Insurance Services, LLC Certificate of Insurance. This Option states:

# RTO Insurance Services, LLC

Date: 03/22/2021

Dear: David Wiley

Vehicle Information: 2013 Ford Focus    VIN: 1FADP3J22DL142102

Drivers: David Wiley (DL# W400170994700)
         Chloe Houston (DL# H235113005090)

Proposed Insurer: C.A.R. RRG

## State Minimum Limit Option

Personal Injury Protection: $10,000 per person • Property Damage Liability: $10,000 per occurrence

Increase: Included biweekly-payment

**Sign below if you choose to take the State Minimum Limit**

Signature: _____    Date 3-22-2021

8

[*See id*. at p. 4].

## COUNT I – DECLARATORY JUDGMENT REGARDING THE LACK OF COVERAGE UNDER THE POLICY FOR WILEY

29.    Lancer realleges and incorporates by reference the averments in paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30.    This action presents an actual, present, and justiciable controversy regarding the rights and obligations of the parties under the Policy with respect to alleged bodily injury claims arising from the Accident.

31.    As alleged in the Underlying Action, HAMLET seeks to recover damages for bodily injuries allegedly sustained as a result of the Accident involving the leased 2013 Ford Focus operated by WILEY. [*See* Exhibit "**F**"].

32.    The Policy issued by Lancer to RENT TO OWN identifies who qualifies as an insured under the Policy in the Who Is An Insured section, which states, in part:

1. Who Is An Insured

The following are "insureds":

a.  You [(RENT TO OWN)]for any covered "auto".

b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

*          *          *

(6) Any Lessee or Rentee, any employee or agent of any Lessee or Rentee, or any person operating an "auto" with the permission of any Lessee, Rentee, employee or agent of any Lessee or Rentee.

33.    At the time of the accident, WILEY was operating the 2013 Ford Focus (VIN #: 1FADP3J22DL142102) that he had leased from RENT TO OWN. [*See* the Lease Agreement, attached hereto as Exhibit "**D**"].

34.    Under the express terms of the Policy, WILEY does not qualify as an insured under the policy issued by Lancer to RENT TO OWN, and no coverage is available to WILEY to respond to the claims asserted by HAMLET in the Underlying Action. [*See* Exhibit "**A**"].

35.    An actual and justiciable controversy exists between Lancer and Defendants concerning whether liability coverage is available for WILEY under the Policy for the claims arising out of the Accident.

36.    Lancer respectfully requests that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure declaring that no liability coverage exists under the Policy for WILEY for the claims asserted in the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT REGARDING THE LACK OF COVERAGE FOR A FAILURE TO PROCURE CLAIM

37.    Lancer realleges and incorporates by reference the averments in paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38.    This action presents an actual, present, and justiciable controversy regarding the rights and obligations of the parties under the Policy with respect to the "Failure to Procure" claim asserted against Defendant RENT TO OWN in the Underlying Action.

39. In the Underlying Action, HAMLET asserts a claim against RENT TO OWN for "Failure to Procure" insurance coverage. [*See* Exhibit "**F**," at p. 5].

40. The Policy does not provide coverage for a failure to procure claim, as it does not arise out of the ownership, maintenance, or use of a covered automobile, as defined by the Policy. [*See* Exhibit "**A**"].

41. Accordingly, the Failure to Procure claim asserted against RENT TO OWN does not constitute a covered claim under the Policy.

42. An actual and justiciable controversy exists between Lancer and Defendants regarding whether the Policy affords coverage for the Failure to Procure claim asserted in the underlying action.

43. Lancer is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure declaring that the Policy affords no coverage for the Failure to Procure claim asserted against RENT TO OWN.

**WHEREFORE**, Plaintiff, LANCER INSURANCE COMPANY, respectfully requests:

A. This Court take jurisdiction of the cause;

B. This Court order, adjudge and decree that this is a proper cause for an action for declaratory judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status, and liability;

C. The Court declare that, under the Policy, no liability coverage is available for DAVID J. WILEY for the claims asserted in the Underlying Action;

11

D.     The Court declare that, under the Policy, there is no coverage for the "Failure to Procure" claim asserted against RENT TO OWN AUTO CENTERS, LLC in the Underlying Action;

E.     The Court declare Defendants take nothing further by this action;

F.     This Court award LANCER INSURANCE COMPANY its costs incurred in this action; and

G.     This Court grant any such further relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2026. I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/RICHARD A. WELDY
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@flalawyer.net
**RICHARD A. WELDY**
Florida Bar No.: 111811
rweldy@flalawyer.net
**JENNA A. DE STEFANO**
Florida Bar No.: 1058637
jdestefano@flalawyer.net
Young, Bill, Palmer, Duke

12

Thompson & Alexander, P.A.
One Biscayne Tower,
2 South Biscayne Boulevard
Suite 3195
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
Attorneys for LANCER